UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR417-091 |
| | ) | |
| CEDRIC AUSTIN | ) | |

# **ORDER**

Cedric Austin, indicted on gun charges, moves the Court to suppress all evidence that he contends the police obtained in violation of his constitutional and statutory rights. Doc. 36. He

> asserts that on March 18, 2017 at 1:45 p.m. police had no probable cause to suspect the Defendant of any criminal conduct as the Defendant was not involved in any fight or commotion in downtown Savannah during the Saint Patrick's Day weekend festivities. The description give[n] by several females was not of the Defendant. The Defendant asserts that he was jumped from behind by police and unlawfully searched and arrested. Police allegedly recovered a Smith & Wesson model 6906 nine millimeter pistol from the right front pocket of the Defendant.

*Id.* at 1.

As the Government correctly points out (doc. 38 at 3-4), Austin has not cited to anything in the record, let alone provided the S.D. Ga Cr. L.R. 12.1 affidavit that many use to establish the factual dispute required for

1

an evidentiary hearing. Simply alleging that the police "had no probable cause" (doc. 36 at 1) to arrest him does not entitle him to an evidentiary hearing, for "[a] court need not act upon general or conclusory assertions." *United States v. Cooper*, 203 F.3d 1279, 1284 (11th Cir. 2000) (quotes and cite omitted). Instead, to obtain a hearing on his motion to suppress, a defendant must "allege *facts* that, if proved, would require the grant of relief." *United States v. Richardson*, 764 F.2d 1514, 1527 (11th Cir. 1985) (emphasis added) (defendants' claim that they were arrested and searched without probable cause was a conclusory assertion unaccompanied by facts to support their contention, and therefore the trial court did not err in declining to hold an evidentiary hearing or in denying the motion).

True, Austin does assert that: (1) he was not fighting or disturbing the peace and (2) the description provided to the police by two females (who presumably did observe *someone* engaged in such behavior) did not fit his description. The Local Rules, however, require that such factual assertions be evidentially supported in some manner -- *e.g.*, by affidavit, a reference to the discovery material, or citation to the existing record. L.Cr.R. 12.1. Defendant has failed to offer any such evidentiary support

for his factual claims.[1] He implicitly recognizes this via use of deadline-beating, placeholder motion terms: "Since discovery and defense investigations are still incomplete, the defendant files this motion in general form to preserve his right to challenge the legality of any search or seizure of evidence that the government might introduce against him at trial." Doc. 36 at 1.

For the moment, then, Austin's motion is insufficient to warrant an evidentiary hearing. The July 20, 2017, hearing on this particular motion is therefore **CANCELED**, though there are other pending motions, so counsel shall indicate whether that hearing is still warranted. Austin is free to renew this particular motion -- with proper legal support -- within 14 days of the date this Order is served.

---

[1] *See United States v. Jefferson*, ___ F. Supp. 3d ___, 2017 WL 1015325 at * 2 (S.D. Ga. Mar. 15, 2017) (applying S.D. L. Cr. R. 12.1 to deny a hearing on Jefferson's suppression motion; his conclusory assertion -- that the roadblock/safety checkpoint at which he was stopped was not conducted in accordance with the laws controlling such including, but not limited to, minimum constitutional prerequisites -- was insufficient to satisfy Rule 12.1 and case law requiring that suppression motions be in every critical respect sufficiently definite, specific, detailed, and nonconjectural; Jefferson advanced only a legal conclusion and cited no factual support for his motion) (citing *Cooper*, 203 F.3d at 1284, and *Richardson*, 764 F.2d at 1527; *United States v. Bostic*, 2016 WL 4523832 at * 1 (S.D. Ga. Aug. 29, 2016); *United States v. Palmer*, 2017 WL 2423059 at * 2 n. 2 (S.D. Ga. June 5, 2017).

**SO ORDERED**, this 11th day of July, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA